# Exhibit "A"

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------X

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**PLAINTIFF DESIGNATES QUEENS COUNTY AS THE PLACE OF TRIAL**

**LEON WALKER,**

**Plaintiff(s),**

**- against -**

**INDEX NO.**

**CVS PHARMACY, INC. and CVS, INC.,**

**DATE FILED:**

**Defendant(s).**

**SUMMONS**

------------------------------------------X

**To the above named Defendant(s)**

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**The Plaintiff resides at:** 83-43 118th Street, Apt. 4P, Kew Gardens, NY 11415. The basis of the venue designated is Plaintiff's residence.

Dated: Ridgewood, New York
December 17, 2025

BRUCE E. BUSHLOW
ABBOTT BUSHLOW & SCHECHNER, LLP
Attorneys for Plaintiff(s)
70-11 Fresh Pond Road
Ridgewood, New York 11385
Tel: (718) 366-0464
Fax: (718) 366-7049

**Defendant's address:** CVS PHARMACY, INC. - Via Secretary of State
CVS, INC. - Via Secretary of State





FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1
12-19-2025 4A2506R07NF0001 6020251219027486

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025
FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

**PLAINTIFF DEMANDS A TRIAL BY JURY**

----------------------------------------X

LEON WALKER,

Plaintiff(s),

INDEX NO.

- against -

VERIFIED COMPLAINT

CVS PHARMACY, INC. and CVS, INC.,

Defendant(s).

----------------------------------------X

Plaintiff, complaining of the Defendant, by his attorneys, ABBOTT BUSHLOW & SCHECHNER, LLP, alleges as follows:

FIRST: That at all times herein mentioned, Plaintiff was and is a resident of the County of Queens, City and State of New York.

SECOND: That upon information and belief at all times herein mentioned, the Defendant, CVS, INC. (sometimes referred to herein as "CVS"), is a domestic business corporation licensed to do business in the State of New York.

THIRD: That upon information and belief at all times herein mentioned, Defendant, CVS PHARMACY, INC. (sometimes referred to herein as "PHARMACY"), is a foreign business corporation licensed to do business in the State of New York.

FOURTH: That upon information and belief at all times herein mentioned, the premises located and known as 5 Penn Plaza (herein "Premises") is within the state, city and county of New York.

FIFTH: That on June 23, 2025, there was a pharmacy/drug store located on the first floor or ground level of the Premises.





12-19-2025 4A2506R07NF0001 6020251219027486

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025

SIXTH: That said pharmacy/drug store bore the name "CVS."

SEVENTH: That upon information and belief at all times herein mentioned, the Defendant, CVS, owned, operated, managed and/or controlled the CVS located at the Premises.

EIGHTH: That upon information and belief at all times herein mentioned, the Defendant, PHARMACY, owned, operated, managed and/or controlled the CVS located at the Premises.

NINTH: That heretofore and on or about the 23rd day of June, 2025, the Plaintiff was caused to trip and fall while on the Premises.

TENTH: That said occurrence (fall) was due to the negligence of the Defendants, and each of them, their agents, servants and employees, in the ownership, operation, maintenance and control of the Premises.

ELEVENTH: That Defendants, their agents, servants and employees, were negligent in:

(a) causing, permitting and allowing the Premises to become and remain dangerous and unsafe;

(b) causing, permitting and allowing a tile or square of the floor to be, become and remain dangerous and unsafe;

(c) causing, permitting and allowing a missing tile or square of the floor at the place of the occurrence to be missing, thereby causing a tripping defect;

(d) causing, permitting and allowing the unsafe conditions to be, become and remain for an unreasonable period of time after Defendants knew or should have known thereof;

3 of 6





FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1
12-19-2025 4A2506R07NF0001 6020251219027486

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025
FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1

(e) failing to regularly, systematically and appropriately inspect the area where the incident occurred;

(f) failing to provide Plaintiff with a safe means of entry and egress to Defendants' pharmacy and store;

(g) failing to warn of the condition;

(h) failing to barricade, segregate or otherwise set off the unsafe defective area in question;

(i) in negligently attempting to repair or replace the said defect; and

(j) Defendants, their agents, servants and employees, were otherwise careless and negligent in the premises.

TWELFTH: That by reason of the foregoing, Plaintiff, LEON WALKER, was rendered sick, sore, lame and disabled; was and, upon information and belief, will be hospitalized and required to receive divers medical aid and attention; has been and, upon information and belief, will be incapacitated from attending to his normal duties and functions; and said Plaintiff has otherwise been caused to suffer great pain of body and mind and severe, permanent and protracted personal injuries.

THIRTEENTH: That by reason of the foregoing negligence of the Defendants, Plaintiff has been damaged in such sum as exceeds the jurisdictional limits of the Civil Court of the City of New York and all lower courts which would or could have otherwise had jurisdiction herein.

FOURTEENTH: That if Defendants assert that the provisions of Article 16 of the CPLR are applicable and that the answering Defendant's liability for non-economic loss is limited

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025

by reason thereof, then in that event, Plaintiff alleges that one or more of the exceptions or limitations contained in CPLR 1602 are applicable and, by reason thereof, the limitations contained in Article 16 are not applicable or available to the Defendant herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, and each of them, in such sum as may be determined by the trier of the facts, together with costs and disbursements of this action.

Dated: Ridgewood, New York
December 17, 2025

Yours, etc.,

BRUCE E. BUSHLOW
ABBOTT BUSHLOW & SCHECHNER, LLP
Attorneys for Plaintiff
70-11 Fresh Pond Road
Ridgewood, New York 11385
(718) 366-0464







FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1
12-19-2025 4A2506R07NF0001 6020251219027486

INDEX NO. 737634/2025
RECEIVED NYSCEF: 12/18/2025

STATE OF NEW YORK )
)ss.:
COUNTY OF QUEENS )

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state that I am associated with the firm of ABBOTT BUSHLOW & SCHECHNER, LLP, the attorneys of record for Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is because plaintiff is currently without the county in which deponent maintains his office. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Information contained in the file.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Ridgewood, New York
December 17, 2025

BRUCE E. BUSHLOW, ESQ.



FILED: QUEENS COUNTY CLERK 12/18/2025 04:11 PM
NYSCEF DOC. NO. 1



12-19-2025 4A2506R07NF0001 6020251219027486